UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


KAYLA LEIGH ORSELL,

   Plaintiff,

v.

FULTON COUNTY PROBATION DEPARTMENT, and
SHARI ACQUILLA-SIMON, in her individual and official capacities,

   Defendants.


**Case No.:** 1:25-cv-962 (ECC/DJS)


## COMPLAINT PURSUANT TO TITLE II OF THE AMERICANS WITH DISABILITIES ACT

### COMPLAINT

Plaintiff, Kayla Leigh Orsell, by way of complaint against the above-named Defendants, respectfully alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action for declaratory and injunctive relief brought under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the ADA's anti-retaliation provision, 42 U.S.C. § 12203(a).

2. Plaintiff seeks to remedy Defendants' discriminatory and retaliatory actions committed while administering probationary supervision, in violation of her rights under federal law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12133.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because all relevant acts and omissions occurred within the Northern District of New York.

## III. PARTIES

5. Plaintiff, Kayla Leigh Orsell, is a resident of Fulton County, New York.

6. Defendant City of Gloversville is a municipal corporation located in Fulton County, New York.

7. Defendant Fulton County Probation Department is a public entity within the meaning of the ADA.

8. Defendant Shari Acquilla-Simon is an officer employed by the Fulton County Probation Department and acted at all times under color of state law. She is sued in her individual and official capacities.

## IV. STATEMENT OF FACTS

9. Plaintiff has been permanently disabled since the age of 23 due to serious and long-standing mental and emotional health conditions, including post-traumatic stress disorder (PTSD), bipolar disorder, borderline personality disorder, generalized anxiety disorder, and depression. She receives Supplemental Security Income (SSI) and has enclosed benefit verification and documentation confirming her status since 2014.

10. Plaintiff's disability status is also supported by a sworn affidavit of competency and letters from both her primary care physician and a psychiatrist she consulted via Teledoc.

11. Plaintiff is currently on probation under the supervision of the Fulton County Probation Department.

12. Defendant Shari Acquilla-Simon was assigned as Plaintiff's probation officer.

13. Plaintiff made numerous verbal and written requests for reasonable accommodations including continuing her existing online therapy and addiction treatment, which had been medically approved and successful.

14. Defendant Acquilla-Simon denied these accommodations and demanded Plaintiff attend in-person treatment only, despite Plaintiff's lack of personal transportation and the extreme anxiety associated with Medicaid transportation services.

14a. Defendant probation officer's insistence that Plaintiff must obtain employment, in direct contradiction of a binding federal disability determination by the Social Security Administration, constitutes unlawful interference and violates the Supremacy Clause of the United States Constitution. See Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 98 (1992).

15. Defendant Acquilla-Simon verbally challenged Plaintiff's disability by stating she needed "to get a job" and "can't just sit around all day and do nothing," causing psychological harm and discouraging Plaintiff from asserting her federally protected rights.

16. As a result of Defendants' actions, Plaintiff has experienced exacerbation of her symptoms, undue stress, and emotional trauma.

16a. On or about [insert date], Defendant Acquilla-Simon came to Plaintiff's residence early in the morning without prior notice. Due to the sedative effects of a prescribed medication, Thorazine, which Plaintiff takes at night for sleep, she did not hear the officer knocking. Later, the officer stated that if Plaintiff missed another home visit, she would face a probation violation. Plaintiff explained that she sleeps late because her medical conditions often cause pain and anxiety that keep her awake at night. Despite this, the officer made no accommodation or schedule adjustment, and the threat of violation caused Plaintiff significant emotional distress and further aggravated her disability symptoms.

17a. Plaintiff has included several exhibits supporting her claims. These include a screenshot of her Suboxone prescription for verification, demonstrating she was without medication due to an error by an online doctor. Plaintiff also submitted three separate faxed letters to the Fulton County Probation Department, in which she apologized for not pursuing a Section 8 housing placement. She explained that she lives in an affordable family-owned apartment where she has resided most of her life. Plaintiff disclosed that she experiences symptoms of agoraphobia and that being forced to move is emotionally devastating and destabilizing.

17b. The faxed letters also address a voicemail left by Defendant Acquilla-Simon, in which the officer accused Plaintiff of possibly selling, giving away, or abusing her Suboxone medication. This accusation followed Plaintiff's own voicemail to the officer, in which she reported experiencing intense withdrawal symptoms—including vomiting and diarrhea—and stated that she could not attend her appointment. Plaintiff subsequently provided proof that she had been attempting to obtain a replacement prescription all day and included screenshots from the CVS website confirming the prescription's pickup date. The voicemail left by Defendant Acquilla-Simon, is included on a tamper-proof CD as exhibits to this complaint.

17c. Plaintiff was sick due to missing two in-person appointments at St. Mary's outpatient addictions clinic within a month, resulting in the clinic's refusal to issue a bridge prescription. In desperation, Plaintiff obtained care from an online doctor who, on two occasions, failed to timely renew her medication, leaving her ill. These circumstances and the resulting probation threats have compounded Plaintiff's suffering and demonstrate a pattern of ADA violations by the supervising officer.

17. Plaintiff has also filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 (Case No. 9:24-cv-1389), in which she alleges unlawful deprivation of liberty. This complaint addresses ADA-specific violations not redressed in that case.

18. Plaintiff intends to file one or more separate civil rights actions pursuant to 42 U.S.C. §§ 1983 and 1985 based on related constitutional violations committed by these and other actors, including false arrest, unlawful prosecution, and deprivation of due process. These claims are not addressed herein but are part of a broader pattern of misconduct affecting Plaintiff's liberty and civil rights.

## V. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF TITLE II OF THE ADA (42 U.S.C. § 12132)

19. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

20. Plaintiff is a qualified individual with a disability.

21. Defendants are public entities subject to Title II of the ADA.

22. Defendants denied Plaintiff the benefits of a public service and failed to reasonably accommodate her disability.

### COUNT II – RETALIATION UNDER ADA (42 U.S.C. § 12203(a))

23. Plaintiff repeats and re-alleges all preceding paragraphs as if fully set forth herein.

24. Plaintiff engaged in protected activity by asserting her rights and requesting accommodations.

25. Defendants retaliated against her by increasing the burden of probation, denying reasonable accommodations, and subjecting her to discriminatory treatment.

## VI. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests that this Court:**

A. Enter declaratory judgment that Defendants' actions violated her rights under the Americans with Disabilities Act;

B. Enter an injunction requiring Defendants to provide reasonable accommodations to Plaintiff, cease discriminatory policies, and prohibit further retaliation;

C. Modify any existing probation terms to ensure compliance with the ADA;

D. Grant leave to supplement the complaint with additional claims as necessary;

E. Award such further relief as the Court deems just and proper.

Dated: 5/19/25

Johnstown, New York

Respectfully submitted,

*/s/ Kayla Orsell*

**Kayla Leigh Orsell**

**81 ½ Chestnut Street**

**Johnstown, NY 12095**

**(518) 705-4054**

**kaylaorsell2@gmail.com**